IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM D. KINSER, JR., | ) | 8:14CV187 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DIANE SABATKA-RINE, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner William D. Kinser's ("Kinser" or "Petitioner") Petition for Writ of Habeas Corpus (Filing No. 1). Respondent Diane Sabatka-Rine ("Respondent") argues all of Kinser's claims are procedurally defaulted. (Filing No. 19.) The court agrees, and also finds that, even if Kinser's claims were not procedurally defaulted, he would not be entitled to relief.

Liberally construed, Kinser argued in his petition that he is entitled to a writ of habeas corpus based on the following claims:

Claim One: Petitioner was denied due process of law in violation of the Fourteenth Amendment because he "was sentenced [as] a habitual offender where the felony conviction is already an enhancement of a misdemeanor."

Claim Two: Petitioner was denied due process of law in violation of the Fourteenth Amendment because he was sentenced "in a manner in which the intent of the trial court [was] frustrated by the habitual offender statute."

Claim Three: Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because Petitioner's trial counsel

          "allowed the district court to further enhance an already enhanced offense."

Claim Four:     Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because Petitioner's trial counsel "failed to properly cross-examine witnesses."

Claim Five:     Petitioner was denied due process of law in violation of the Fourteenth Amendment because the prosecution "used prior convictions and sentences [that] were insufficient to be used for enhancement purposes."

(Filing No. 11 at CM/ECF pp. 1-2 (quoting Kinser's habeas corpus petition at Filing No. 1 at CM/ECF pp. 5-10).)

# I. BACKGROUND

## A. Conviction and Sentence

The court states the facts as they were recited by the Nebraska Supreme Court in *State v. Kinser*, 811 N.W.2d 227, 229-230 (Neb. 2012) (affirming Kinser's conviction and sentence on direct appeal). See *Bucklew v. Luebbers*, 436 F.3d 1010, 1013 (8th Cir. 2006).

On the evening of December 23, 2010, Deputy Lanny Hanks was observing traffic on Lake Minatare Road in Scotts Bluff County, Nebraska. He saw a vehicle exceeding the speed limit and undertook pursuit. Hanks initially activated only his patrol car's overhead lights, but when he realized the vehicle was not stopping, he activated his car's siren. After a chase of approximately 10 miles, Hanks was able to immobilize the vehicle. Kinser was identified as the operator of the vehicle.

The State of Nebraska ("State") charged Kinser with felony operation of a motor vehicle to avoid arrest; driving under revocation, first offense; and driving while under the influence of alcohol ("DUI"), second offense, in the District Court of Scotts Bluff County, Nebraska ("state district court"). The State alleged that Kinser's flight to avoid arrest involved willful reckless operation of a motor vehicle, which made the offense a Class IV felony under Neb. Rev. Stat. § 28-905(3)(a)(iii) (Reissue 2008). The State also alleged that Kinser was a habitual criminal under Neb. Rev. Stat. § 29-2221 (Reissue 2008). A jury trial was held on the flight to avoid arrest and driving under revocation charges. The jury found Kinser guilty of both offenses.

Prior to sentencing, the State notified Kinser and the state district court that it would present evidence that Kinser was a habitual criminal. At the hearing, the State introduced five prior convictions, and certified records showing that Kinser received a sentence of at least one year's imprisonment for each of these convictions and that Kinser was represented by counsel at the time of each conviction and each sentencing.

Following the hearing, the state district court found there were five valid and usable prior convictions and sentenced Kinser as a habitual criminal on the felony flight to avoid arrest conviction. The state district court sentenced Kinser to 18 to 30 years' imprisonment on the felony charge of flight to avoid arrest. It sentenced Kinser to six months' imprisonment on the misdemeanor charge of driving under revocation.

**B.     Direct Appeal**

Kinser appealed his conviction and sentence to the Nebraska Court of Appeals. The Nebraska Supreme Court ordered that the case be moved to its docket. (*See* Filing No. 15-1 at CM/ECF p. 2.) Kinser argued on appeal that the state district court's habitual criminal determination was erroneous because it resulted in an improper double enhancement of his sentence. Kinser also argued the sentencing

order had to be reversed because the state district court had intended for him to be eligible for parole after 10 years, whereas, under the sentence actually imposed, he would be eligible for parole after 14 years. (Filing No. 15-5 at CM/ECF pp. 1-21.)

The Nebraska Supreme Court affirmed Kinser's conviction and sentence in a written opinion dated March 23, 2012. *See Kinser*, 811 N.W.2d at 234. The Nebraska Supreme Court overruled a motion for rearing on April 25, 2012, and issued its mandate on May 16, 2012. (Filing No. 15-1 at CM/ECF p. 2.)

**C.     Postconviction Action**

Kinser filed a motion for postconviction relief in the state district court on April 29, 2013. (Filing No. 15-12 at CM/ECF pp. 11-20.) Kinser argued his trial counsel failed to effectively represent him in the trial court proceedings, and also that the prosecutor for the State committed prosecutorial misconduct. The state district court denied postconviction relief, without holding an evidentiary hearing, on August 15, 2013. (*Id.* at CM/ECF pp. 30-33.) Kinser appealed.

On appeal, Kinser argued the state district court erred in denying an evidentiary hearing. (Filing No. 15-8 at CM/ECF p. 5.) The Nebraska Court of Appeals affirmed the state district court's judgment on May 7, 2014. (Filing No. 15-4 at CM/ECF pp. 1-9.) The Nebraska Supreme Court denied a petition for further review on June 25, 2014, and issued its mandate on July 9, 2014. (Filing No. 15-2 at CM/ECF p. 2.)

**D.     Habeas Corpus Action**

Kinser filed his habeas corpus petition in this court on June 23, 2014. (Filing No. 1.) Respondent filed an answer, brief, and the relevant state court records in response to the petition. (Filing Nos. 15, 18, and 19.) Kinser filed a brief in support of his petition. (Filing No. 24.) This matter is fully submitted for disposition.

4

## II. STANDARD OF REVIEW

### A. Exhaustion Requirement

As set forth in 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore present the substance of each federal constitutional claim to the state courts *before*

seeking federal habeas corpus relief. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005). "In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) (internal citation and quotation marks omitted).

Where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

**B.    Standard Under 28 U.S.C. § 2254(d)**

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the law and the facts. *See* 28 U.S.C. § 2254(d). Section 2254(d)(1) states that a federal court may grant a writ of habeas corpus if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). Further, "it is not enough for [the court] to

conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

With regard to the deference owed to factual findings of a state court's decision, Section 2254(d)(2) states that a federal court may grant a writ of habeas corpus if a state court proceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As the Supreme Court noted, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The deference due state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Id.* However, this high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

The Eighth Circuit clarified what it means for a claim to be adjudicated on the merits, finding that:

> AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct decision by a state court. Accordingly, the postconviction trial court's discussion of counsel's performance–combined with its express

7

determination that the ineffective-assistance claim as a whole lacked merit–plainly suffices as an adjudication on the merits under AEDPA.

*Worthington v. Roper*, 631 F.3d 487, 496-97 (8th Cir. 2011) (internal quotation marks and citations omitted). The court also determined that a federal court reviewing a habeas claim under AEDPA must "look through" the state court opinions and "apply AEDPA review to the 'last reasoned decision' of the state courts." *Id.* at 497. A district court should do "so regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims." *Id.*

## III. DISCUSSION

**A.    Claim One**

Kinser argued he was denied due process of law when the state district court sentenced him as a habitual criminal because it resulted in an improper double enhancement. Kinser raised a similar argument in state court, but the claim was presented solely as a question of state law. Specifically, Kinser argued on direct appeal that any enhancement of his sentence under the habitual criminal statute would result in an improper double enhancement under the Nebraska Supreme Court's decision in *State v. Chapman*, 287 N.W.2d 697 (1980), because Kinser's flight to avoid arrest conviction was *already* enhanced from a misdemeanor to a felony based on Kinser's willful reckless operation of a motor vehicle.[1] (Filing No. 15-5 at CM/ECF pp. 1-21.)

---

[1] The Nebraska Supreme Court held in *Chapman* that "offenses which are felonies because the defendant has been previously convicted of the same crime do not constitute 'felonies' within the meaning of prior felonies that enhance penalties under the habitual criminal statute." 287 N.W.2d at 698. The court noted the "weight of authority [was] against double penalty enhancement through application of both a specific subsequent offense statute and a habitual criminal statute." *Id.* at 699.

8

Kinser never raised this argument as a federal due process claim in state court. Thus, the claim was not fairly presented in Nebraska's state courts. Moreover, Kinser is now barred under Nebraska law from returning to state court to present the claim because it could have been raised on direct appeal. See *Akins*, 410 F.3d at 456 (recognizing that, under Nebraska law, a claim that was or could have been asserted on direct appeal may not be pursued in a postconviction proceeding). For these reasons, the court finds Claim One is procedurally defaulted. Kinser did not argue that cause and prejudice exists to excuse the default of any of his claims.

Even if Claim One were not procedurally defaulted, AEDPA's deferential standard would bar relief. The Nebraska Supreme Court considered and rejected Kinser's argument concerning the "double enhancement" of his sentence:

> Reading § 28-905 as a whole, the offense of flight to avoid arrest is a misdemeanor if it involves fleeing in a motor vehicle in an effort to avoid arrest, whereas the offense becomes a felony under § 28-905(3)(a)(iii) if the State alleges and proves the additional element of willful reckless operation of a motor vehicle. This additional fact pertains to the manner in which the offense was committed, and not to prior criminal conduct. Thus, Kinser was not subjected to an impermissible double enhancement and the district court did not err in sentencing him as a habitual criminal.

*Kinser*, 811 N.W.2d at 233. Kinser did not show that the Nebraska Supreme Court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or that the court reached "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). Therefore, Kinser is not entitled to relief on this claim.

B.     Claim Two

Kinser argued he was denied due process of law when the state district court sentenced him "in a manner in which the intent of the trial court [was] frustrated by the habitual offender statute." (Filing No. 1 at CM/ECF p. 7.) Kinser raised a similar argument in state court, but the claim was presented solely as a question of state law. Specifically, Kinser argued on direct appeal the sentencing order should be reversed because the state district court intended for Kinser to be eligible for parole after 10 years, whereas, under the sentence actually imposed for his flight to avoid arrest conviction, Kinser would be eligible for parole after 14 years. (Filing No. 15-5 at CM/ECF pp. 1-21.)

Kinser never raised this argument as a federal due process claim in state court. Thus, the claim was not fairly presented in Nebraska's state courts. Kinser is now barred under Nebraska law from returning to state court to present the claim because it could have been raised on direct appeal. For these reasons, the court finds Claim Two is procedurally defaulted.

Even if Claim Two were not procedurally defaulted, AEDPA's deferential standard would bar relief. The Nebraska Supreme Court considered and rejected Kinser's argument concerning his parole eligibility date:

> We agree with the State that the sentencing court did not clearly state that Kinser would be eligible for parole after serving 10 years. But even if it had, the question would be resolved by [Neb. Rev. Stat.] § 29-2204(1) (Reissue 2008), which provides, "If any discrepancy exists between the statement of the minimum limit of the sentence and the statement of parole eligibility . . . the statement[ ] of the minimum limit . . . shall control the calculation of the offender's term.

*Kinser*, 811 N.W.2d at 234. Kinser did not show that the Nebraska Supreme Court's decision was "contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or that the court reached "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). Kinser is not entitled to relief on this claim.

### C.     Claim Three

Kinser argued he was denied the effective assistance of counsel when his trial counsel "allowed the [state] district court to further enhance an already enhanced offense." (Filing No. 1 at CM/ECF p. 8.) Kinser never raised this argument in Nebraska's appellate courts. Kinser is now barred from raising the argument in a postconviction action because the claim was known to him when he filed his first postconviction action. See *State v. Sims*, 761 N.W.2d 527, 533 (Neb. 2009) ("[A]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion."). For these reasons, the court finds Claim Three is procedurally defaulted.

Even if Claim Three were not procedurally defaulted, the claim is meritless. The two-pronged standard of *Strickland v. Washington*, 466 U.S. 668 (1984), governs the merits of Kinser's argument. *Strickland* requires that a petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687. The first prong of the *Strickland* test requires that the petitioner demonstrate that his attorney failed to provide reasonably effective assistance. *Id.* at 687-88. The second prong requires the petitioner to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

11

Kinser cannot show prejudice under the second prong of the *Strickland* test. The Nebraska Supreme Court considered and rejected Kinser's argument concerning the "double enhancement" of his sentence. *Kinser*, 811 N.W.2d at 233. Thus, Kinser could not have been prejudiced by his trial counsel's alleged failure to object to the enhancement of his sentence. Kinser is not entitled to relief on this claim.

### D.  Claim Four

Kinser argued he was denied the effective assistance of counsel when his trial counsel "failed to properly examine witnesses." (Filing No. 1 at CM/ECF p. 8.) Kinser did not offer any allegations in support of this claim. For example, Kinser did not provide the names of the witnesses or specify what cross-examination should have occurred or explain how counsel's failure to cross-examine certain witnesses prejudiced him. Habeas corpus relief is an extraordinary remedy, and one that cannot be granted based on a blanket assertion that counsel failed to "properly examine witnesses." Accordingly, Kinser is not entitled to relief on this claim.

### E.  Claim Five

Kinser argued he was denied due process of law when the state district court "used prior convictions and sentences [that] were insufficient to be used for enhancement purposes." (Filing No. 1 at CM/ECF p. 10.) Kinser did not properly raise this argument in Nebraska's appellate courts. He is now barred under Nebraska law from returning to state court to present the claim because it could have been raised on direct appeal. For these reasons, the court finds Claim Five is procedurally defaulted.

Even if Claim Five were not procedurally defaulted, AEDPA's deferential standard would bar relief. On direct appeal, the Nebraska Supreme Court set forth the following facts in its order affirming Kinser's judgment of conviction:

> Prior to sentencing, the State notified Kinser and the court that it would present evidence that Kinser was a habitual criminal. At the hearing, the State introduced five prior convictions: (1) a 1983 conviction for burglary, (2) a 1993 conviction for failure to appear, (3) a 1993 conviction for theft, (4) a 1995 conviction for second degree assault, and (5) a 1995 conviction for assault on a police officer in the third degree. Certified records showed that Kinser received a sentence of at least 1 year's imprisonment for each of these convictions and that Kinser was represented by counsel at the time of each conviction and each sentencing.
>
> . . . .
>
> The court found there were five valid and usable prior convictions and sentenced Kinser as a habitual criminal on the felony flight to avoid arrest conviction.

*Kinser*, 811 N.W.2d at 229. Kinser did not show that the state district court's conclusion that there were five valid and usable convictions for the purposes of the habitual criminal enhancement was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or that the court reached "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). Moreover, Kinser did not set forth in his petition how or why these prior convictions and sentences were insufficient.

For the reasons set forth above, the court finds Kinser is not entitled to relief based on any of the claims set forth in his habeas corpus petition.

### IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be

granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Kinser has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in Kinser's petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. The Petition for Writ of Habeas Corpus (Filing No. 1) is dismissed with prejudice.

2. The court will enter a separate judgment in accordance with this Memorandum and Order.

3. The court will not issue a certificate of appealability.

DATED this 8th day of May, 2015.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.